**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN THREET, Individually and on behalf of others similarly situated,** | § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO: 4:26-cv-02572** |
| **WEST HOUSTON ELECTRIC, INC.,** | § § § § | |
| **Defendant.** | § | |

**<u>DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT</u>**

TO THE HONORABLE KEITH P. ELLISON:

West Houston Electric, Inc., Defendant in the above-styled case ("Defendant") files this Answer in response to Plaintiff's Complaint ("Complaint") filed by Christian Threet, individually and on behalf of others similarly situated ("Plaintiff"), and would show the following:

## I. ANSWER

### OVERVIEW

1. Paragraph 1 of the Complaint does not contain any factual allegations to admit or deny. To the extent the Court requires a response, Defendant denies the allegations in paragraph 1 of the Complaint.

### PARTIES

2. Defendant admits Plaintiff was a former employee of Defendant from March 11, 2022, to March 20, 2026. Defendant has insufficient information or knowledge at this time to form a belief regarding Plaintiff's current domicile and whether he consented to the filing this action. The remainder of paragraph 2 of the Complaint does not contain any factual allegations to admit

or deny, but to the extent the Court requires a response, Defendant denies the remainder of the allegations in paragraph 2 of the Complaint.

3. Defendant admits it is a Texas corporation, has its principal place of business at 21732 Provincial Blvd, Suite 150, Katy, Texas 77450, maintains a registered agent in Texas at 5010 Bridge Creek Lane, Katy, Texas 77494, and currently lists its registered agent as Randy A. Deyo. Defendant denies the remainder of the allegations in paragraph 3 of the Complaint.

<b>JURISDICTION AND VENUE</b>

4. Subject to the defenses and objections asserted *infra*, Defendant admits the Court has federal question jurisdiction over Plaintiff's claims asserted under the Fair Labor Standards Act ("FLSA"). Defendant denies the remainder of the allegations in paragraph 4 of the Complaint.

5. Subject to the defenses and objections asserted *infra*, Defendant does not contest venue in this Court and admits it does business in this District. Defendant denies the remainder of the allegations in paragraph 5 of the Complaint.

<b>COVERAGE UNDER THE FLSA</b>

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint and therefore denies them.

## FACTS

12.     Defendant admits Plaintiff was a former employee of Defendant. Defendant denies the remainder of the allegations in paragraph 12 of the Complaint.

13.     Defendant admits the hours Plaintiff worked for Defendant varied. Defendant denies the remainder of the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant admits Plaintiff received a commission during part of his employment. Defendant denies the remainder of the allegations in paragraph 15 of the Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint and therefore denies them.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     The allegations in paragraph 27 of the Complaint do not require a response, but to the extent this Court requires a response, Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies them.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

## RELIEF SOUGHT

35.     The allegations in paragraph 1 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 1 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

36.     The allegations in paragraph 2 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 2 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

37.	The allegations in paragraph 3 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 3 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

38.	The allegations in paragraph 4 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 4 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

39.	The allegations in paragraph 5 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 5 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

40.	The allegations in paragraph 6 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 6 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

41.	The allegations in paragraph 7 under the heading "Relief Sought" of the Complaint do not require a response, but to the extent this Court requires a response, Defendant denies the allegations in paragraph 7 under the heading "Relief Sought" of the Complaint and denies Plaintiff or any putative Collective Member is entitled to the relief sought.

## JURY DEMAND

42.	The allegations under the heading "Jury Demand" of the Complaint do not require a response.

## II.  DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER RESPONSES

1.      Without assuming the burden of proof other than as required by law, Defendants assert the following defenses, affirmative defenses, and/or other responses to Plaintiff's claims:

2.      The Complaint fails, in whole or in part, to state claims upon which relief can be granted.

3.      Plaintiff's claims are subject to a class action/collective action waiver and mandatory arbitration.

4.      Defendant is not subject to the FLSA's enterprise or individual coverage.

5.      Although Defendant denies liability, to the extent any violations of the Fair Labor Standards Act ("FLSA") are found, Plaintiff and the putative class members are not entitled to liquidated damages because, at all times relevant to this lawsuit, Defendant acted in good faith and in conformity with, and reliance on, applicable case law, administrative regulations, orders, rulings, approvals, interpretations, illustrated practices, and/or enforcement policies of the Wage and Hour Division of the United States Department of Labor or other applicable authority.

6.      Plaintiff, and some or all of the alleged putative class members, meet the requirements for exemptions under the FLSA, including the retail or service establishment exemption.

7.      Without assuming any burden of proof, Plaintiff was fully compensated, as were all putative class members, for all hours worked in accordance with the FLSA. If Defendant failed to pay any required wages, including overtime wages, although such is not admitted and is expressly denied, neither Plaintiff nor any alleged putative class members employed by Defendant can demonstrate that such failure constituted a willful violation of the FLSA or any other law.

8.      Without assuming any burden of proof, neither Plaintiff nor any putative class member employed by Defendant is entitled to any liquidated damages or prejudgment interest as Defendant acted in good faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA or any other law.

9.      To the extent Plaintiff or any alleged putative class member seeks remedies against Defendant beyond those available under the statutes upon which the Complaint's claims are based, such remedies are improper.

10.     Defendant did not knowingly, willfully, or with reckless disregard violate the FLSA with respect to Plaintiff or any alleged putative class member. Defendant's pay practices have been implemented in good faith.

11.     Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, by the applicable two-year statute of limitations. *See* 29 U.S.C. § 255(a).

12.     If a three-year statute of limitations is held to apply, which Defendant expressly denies, Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, by the applicable three-year statute of limitations. This statute of limitations defense includes, but is not limited to, the fact that all claims occurring prior to March 31, 2023, are time-barred.

13.     Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, laches, wavier, and/or unclean hands.

14.     Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, to the extent Plaintiff seeks recovery and relief on behalf of individuals who have not and do not work hours in excess of forty per week pursuant to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2).

15.     Plaintiff's claims, and the claims of any alleged putative class member, are barred, in whole or in part, to the extent Plaintiff seeks recovery and relief on behalf of individuals who were paid one and a half times their regular rate of pay for hours worked in excess of forty per week.

16.     Defendant asserts the defense of offset.

17.     Although Defendant denies liability, the claims of Plaintiff and the putative class members are further barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and the putative class members were engaged in: (i) walking, riding, or traveling to and from the actual place he or she performed the principal activities he or she was employed to perform, or (ii) activities which were preliminary or postliminary to his or her principal activities.

18.     Plaintiff and the putative class members are not similarly situated, and Plaintiff has not satisfied, and cannot satisfy, the procedural and other requirements for certification of any type of class under the FLSA.

19.     Neither Plaintiff nor any alleged putative class member can recover overtime for time periods which fall within the "*de minimis*" exception. Any time periods are insubstantial, insignificant, or, as a practical matter, could not have been precisely recorded so that any such alleged putative class member is precluded from recovery.

20.     Plaintiff's claims, and the claims of any alleged putative class member, are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

21.     To the extent Plaintiff or any alleged putative class members were paid overtime compensation beyond that to which they were entitled during their employment, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

22.     Defendant invokes the affirmative defense of impropriety of any collective action in this case and contend that any action complained of regarding wages by any Plaintiff or any alleged putative class member in this case potentially involves factual situations unique to that individual.

23.     Plaintiff's claims and/or the claims of any alleged putative class member, are barred, in whole or in part, by the Immigration and Naturalization Act and by public policy to the extent they were not authorized to work in the United States at any time during the relevant time period.

24.     In addition to the foregoing defenses, Plaintiff's claims, and the claims of any alleged putative class member, may be subject to additional defenses, which may become apparent in the course of discovery. Defendant reserves the right to seek amendment of this answer as may be necessary in the future.

### III. PRAYER

WHEREFORE, Defendant requests Plaintiff Christian Threet's claims against it be dismissed; that Plaintiff take nothing; and that Defendant be awarded its costs and such other relief to which it may be justly entitled.

Respectfully submitted,

JACKSON WALKER LLP

/s/ **G. Scott Fiddler**

G. SCOTT FIDDLER
*Attorney-in-Charge*
Texas Bar No. 06957750
Federal ID No. 12508
sfiddler@jw.com
LESLIE T. TAN
Texas Bar No. 24046998
Federal ID No. 635202
ltan@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Tel.:  713-752-4217
Fax:  713-752-4221

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the above and foregoing document has been served in accordance with the Federal Rules of Civil Procedure on April 24, 2026, to the following:

Phillip Bohrer
Scott E. Brady
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
phil@bohrerbrady.com
scott@bohrerbrady.com

/s/ **Leslie T. Tan**

LESLIE T. TAN